Rowe, J.
This is an action of contract in which the plaintiff seeks to recover damages for breach of promise of marriage. The answer is a general denial and, further, that if mutual promises to marry are inferred as matter of law, then the defendant is excused from performance by 'reason of the plaintiff’s conduct. The trial judge found for the plaintiff. There was ample evidence upon which the trial judge could find that the plaintiff and defendant had entered into an agreement to marry.
The burden of the defendant’s contention is that the defendant was justified in rescinding his agreement by reason of alleged improper conduct on the part of the plaintiff. The defendant specifically contends that there was error on the part of the trial judge concerning the court’s disposal of the defendant’s requests 3, 4, and 5. These requests bore upon the question of the alleged improper conduct of the plaintiff. The trial judge denied these re *616 quests “as inapplicable because involving or predicated upon facts which I do not find. ’ ’ The judge made no special findings of fact, but found generally for the plaintiff.
The matter of a trial judge denying certain requests as “inapplicable” and then making a general finding for the opposing party has received consideration of the court. In Mericante v. Boston & Maine Railroad, Mass. A. S. (1935) 1613 it is stated that the denial of a request as inapplicable is not to be encouraged when there are no special findings of fact. But it is not a ground for reversal of decision.
So far as district courts are concerned, this question has now been dealt with by an amendment to the rules, effective Oct. 1, 1937. The material portion of this amendment of rule XXYII is as follows:
“Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the réquest are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.”
But this amendment to the rules became effective at a date subsequent to the trial in the present case and so has no bearing on the question before us. There having been no prejudicial error, the entry must be,.
Report dismissed.